### DOWLING v. TWOMBLY.

(Supreme Court, Appellate Term. January 8, 1909.)

EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—ORDER APPOINTING RE-
CEIVER—SERVICE—WHAT CONSTITUTES.

That a receiver in supplementary proceedings called on defendant, showed him a copy of the order of appointment, and satisfied defendant that he was the receiver, did not constitute legal service of the order, so as to render defendant liable for contempt in failing to pay over to the receiver the property demanded.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1195; Dec. Dig. § 417.*]

Appeal from City Court of New York, Special Term.

Action by George B. Dowling against Willard I. Twombly. From an order adjudging defendant guilty of contempt of court, he appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Philip Wohlstetter, for appellant.
Dennis & Buhler, for respondent.

PER CURIAM. This is an appeal from an order punishing defendant for contempt. The vital question in the case is: Was or was not the defendant, a judgment debtor, personally served with a copy of the order appointing the receiver in supplementary proceedings? If he was so served, he was guilty of contempt in failing to pay over to the receiver the property demanded; whereas, if he was not so served, as he claims, he was not guilty of contempt or disobedience. The court below found that he was so served; but from a perusal of the affidavits it seems that the evidence does not sufficiently support this conclusion. The defendant denies positively that he was ever served, while the only evidence on behalf of plaintiff is that the receiver called on defendant and showed defendant a copy of the order and "satisfied" defendant that he was the receiver. This does not constitute legal service. Moreover, it does not appear from the record that the order appointing the receiver has been filed in the office of the clerk of the county where the judgment roll in the action is filed, as required by section 2467 of the Code of Civil Procedure.

The order must be reversed, with $10 costs and disbursements, without prejudice to another application in the court below.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes